ACCEPTED
03-16-00611-CV
12717534
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/15/2016 11:12:01 AM
JEFFREY D. KYLE
CLERK

**03-16-00611-CV**

| | | |
|---|---|---|
| BRUCE CRAIG, TYLER CRAIG, | § | IN THE COURT OF APPEALS |
| AND TEJAS VENDING, LP, | § | |
|    Appellants | § | |
| | § | |
| | § | FOR THE THIRD JUDICIAL |
| v. | § | |
| | § | |
| TEJAS PROMOTIONS, LLC, | § | DISTRICT OF TEXAS |
|    Appellee | § | |

FILED
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/15/2016 11:12:01 AM
JEFFREY D. KYLE
Clerk

## APPELLANTS' SUPPLEMENT TO APPELLANTS' EMERGENCY MOTION TO STAY TRIAL COURT PROCEEDINGS

COME NOW Appellants Bruce Craig, Tyler Craig, and Tejas Vending, LP, and file this Supplement to their Emergency Motion to Stay Trial Court Proceedings that are to be held on Friday, September 16, 2016, during the pendency of this interlocutory appeal, and would request that the Court enforce the statutory stay in Civil Practice and Remedies Code Section 51.014(b) for interlocutory appeals allowed under Civil Practice and Remedies Code Section 51.014(a)(12).

### I.
### Appellants Objected To Hearing; Trial Court Plans To Go Forward

1.    Appellants filed their Objection to Court's Consideration of Plaintiff's Motion for Leave to Supplement Record on September 15, 2016. *See **Exhibit A***. Appellants' counsel notified the court's staff attorney of the filing of the Objection.

2.      The court's staff attorney then notified counsel that the court "is going forward with the hearing tomorrow at 11:00 absent a ruling from the Third Court of Appeals saying that she should not do so." *See **Exhibit B***.

## IV.
## Prayer

WHEREFORE, PREMISES CONSIDERED, this Court should advance consideration of the emergency motion, order a stay of the trial court hearing currently scheduled for Friday, September 16, 2016, and enter any further appropriate orders to enforce the statutory stay in Civil Practice and Remedies Code Section 51.014(b) for interlocutory appeals allowed under Civil Practice and Remedies Code Section 51.014(a)(12).

Respectfully submitted,

The Weichert Law Firm
3821 Juniper Trace, Suite 106
Austin, Texas 78738
(512) 263-2666
(512) 263-2698 - Facsimile


By:_____/s/ Darryl W. Pruett_____
            Darryl W. Pruett
            Texas State Bar No. 00784795
            darryl@weichertlaw.com
            George V. Basham, III
            Texas State Bar No. 01868000
            george@weichertlaw.com
            Glenn K. Weichert
            State Bar No. 21076500
            glenn@weichertlaw.com

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this motion has been sent in accordance with the Texas Rules of Civil Procedure, as noted below, on this 13th day of September, 2016, to:

Matthew R. Beatty
Beatty Bangle Strama PC
400 West 15th Street, Suite 1450
Austin, Texas 78701
Telephone: (512) 879-5050
Telecopier: (512) 879-5040

*Hand Delivery in Person or by Agent*
x *Electronic Service*
*Email Service*
*Courier Receipted Delivery*
*Telephonic Document Transfer*
*Certified Mail, Return Receipt Requested No._____*


         /s/ Darryl W. Pruett
         Darryl W. Pruett

9/15/2016 9:50:26 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-001959
Jonathan Sanders

**Cause No. D-1-GN-16-001959**

| | | |
|---|---|---|
| **TEJAS PROMOTIONS, LLC,** | § | **IN THE 261st JUDICIAL** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DISTRICT COURT OF** |
| | § | |
| **BRUCE CRAIG, TYLER CRAIG, AND** | § | |
| **TEJAS VENDING, LP** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## OBJECTION TO COURT'S CONSIDERATION OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RECORD AND MODIFY ORDER OF DISMISSAL

COME NOW Bruce Craig ("B Craig"), Tyler Craig ("T Craig"), and Tejas Vending, LP ("Tejas Vending"), Defendants in the above-referenced cause, and files this their Objection to Court's Consideration of Plaintiff's Motion for Leave to Supplement Record (the "Motion to Supplement and Modify"), and would show the following:

### I.

1.      Plaintiff sued Defendants on May 6, 2016. The causes of action were breach of contract, misappropriation of trade secrets, and conspiracy to misappropriate trade secrets. Plaintiff also requested certain declaratory and injunctive relief. The conspiracy to misappropriate trade secrets centered on Bruce Craig's alleged violation of a nondisclosure agreement (the "NDA") by providing a list of Plaintiff's purported customers (which it claimed was a "trade secret") to the other Defendants. Plaintiff alleged that Bruce Craig, "[i]n direct violation of the NDA, . . .disclosed the information regarding Tejas Promotions assets and business structure to his son, and defendant in this action, Tyler Craig." Plaintiff alleged that Bruce Craig "further disclosed that information to an entity he created with a deceptively similar name, Tejas Vending LP."

2.      Plaintiff further alleged that Defendants, based on the disclosure, then "pursued a course of action designed to use Tejas Promotions' Confidential Information to steal Tejas Promotions business."

**Defendants' Objection To Consideration of Motion** **Page 1**

3. Plaintiff alleged that the "Confidential Information" at issue pursuant to the NDA was a trade secret.

4. Plaintiff also sued for conspiracy, alleging that "Defendants to this action conspired to misappropriate Plaintiff's trade secrets. . ."

5. The action that is the basis of the conspiracy claim is Bruce Craig's purported disclosure (or "communication") of Plaintiff's alleged trade secrets to Tyler Craig and Tejas Vending, LP.

6. Plaintiff's claim of conspiracy was a textbook example of something that is based on, related to, or is in response to the Defendants' exercise of the right of association. The "exercise of the right of association" means "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Tex. Civ. Prac. & Rem. Code Sec. 27.001(2). That is exactly what Plaintiff contended Defendants were doing. A "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code Sec. 27.001(1). This would, of course, include the customer list that Plaintiff alleged was communicated by Bruce Craig to Tyler Craig and Tejas Vending, LP.

7. Plaintiff sued all of the Defendants for conspiracy based on, relating to, or in response to, Bruce Craig's communication of the alleged trade secrets to Tyler Craig and Tejas Vending, LP.

8. The conspiracy to misappropriate trade secrets claim was frivolous. Claims of conspiracy to misappropriate trade secrets are pre-empted by the Texas Uniform Trade Secrets Act.

9. On June 29, 2016, Defendants filed a Motion to Dismiss pursuant to Chapter 27, Civil Practice & Remedies Code.

10. In response, and presumably recognizing the frivolous nature of the conspiracy claim, Plaintiff abandoned the frivolous, pre-empted conspiracy claim and some of the declaratory relief

claims and substituted other declaratory relief claims. A hearing on the Motion to Dismiss was held on August 4, 2016. No evidence was presented either by affidavit or live testimony regarding Plaintiff's attorney's fees.

11. The Honorable Rhonda Hurley transmitted her letter ruling dated August 24, 2016, stating her ruling denying the Motion to Dismiss and Defendants' Plea to the Jurisdiction. She did not award Plaintiff any attorney's fees nor did she reserve the issue for any further consideration.

12. Because Plaintiff's counsel had not prepared and circulated any proposed order by September 1, 2016, Defendants' counsel proposed a simple form of order that corresponded with Judge Hurley's letter ruling.

13. Plaintiff's counsel disagreed with the form of order, and proposed one awarding Plaintiff attorney fees even though no evidence of Plaintiff's attorney fees had been presented at the hearing on the Motion to Dismiss and even though Judge Hurley's letter ruling did not mention attorney's fees.

14. Judge Hurley signed the Order denying the Motion to Dismiss on September 1, 2016. Judge Hurley's staff attorney stated to both counsel that Judge Hurley was "willing to entertain attorney's fees, but would need evidence," thereby acknowledging that there had been no evidence presented at the hearing on the Motion to Dismiss to support any attorney's fees for Plaintiff.

15. Defendants filed their notice of appeal with the trial court clerk the same day. On that same day, Defendants also requested that the trial court issue findings of fact and conclusions of law.

16. The thirty-day deadline for the trial court to rule on the Motion to Dismiss expired on September 3, 2016.

17. On September 6, 2016, Judge Hurley's staff attorney solicited legal authority from counsel on the question of whether the trial court could conduct a hearing on attorney's fees given that the appeal had already been filed.

18.     On that same day, Defendants' counsel provided the court with caselaw and Defendants' legal argument based on the statutory stay of "all proceedings" in an interlocutory appeal of an order denying a Chapter 27 Motion to Dismiss. Plaintiff's counsel responded on September 7, 2016, asserting that Defendants' counsel's "procedural maneuvering" (presumably the mere act of filing the appeal) did not prevent the trial court from modifying the order being appealed, citing to Rule of Appellate Procedure 27.3, without ever addressing the statutory stay and the general rule that a statute would override any conflicting Rule of Appellate Procedure.

19.     On September 9, 2016, Plaintiff filed a "Motion for Leave to Supplement Record and Modify Order of Dismissal [sic]" (the "Motion to Supplement and Modify"). In its Motion to Supplement and Modify, Plaintiff requested an additional, _evidentiary_, hearing and that the trial court modify the order that is currently being appealed "and award attorneys' fees to Plaintiff consistent with the evidence presented at the hearing."

20.     The trial court's staff attorney emailed counsel on the morning of September 13, 2016, informing the parties that Judge Hurley intended to conduct a hearing on the Motion to Supplement and Modify on September 16, 2016, at 11:00 a.m.

21.     Interlocutory appeals of orders denying a motion to dismiss brought under Chapter 27, Civil Practice and Remedies Code are specifically allowed pursuant to Civil Practice and Remedies Code Section 51.014(a)(12)("(a) A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that: . . .(12) denies a motion to dismiss filed under Section 27.003;. . ."). Pursuant to Civil Practice and Remedies Code Section 51.014(b), an appeal pursuant to Section 51.014(a)(12) "stays the commencement of a trial in the trial court pending resolution of the appeal. . .[AND] also stays all other proceedings in the trial court pending resolution of that appeal." Civil Practice and Remedies Code Sec. 51.014(b).

22.     Civil Practice and Remedies Code Sec. 51.014(b) is clear—an interlocutory appeal of an order denying a Chapter 27 Motion to Dismiss stays not only the commencement of trial but "also stays all other proceedings in the trial court pending resolution of that appeal."

23.     Defendants object to the trial court conducting any hearing on the Motion to Supplement and Modify.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court observe the statutory stay and stay all proceedings during the pendency of the interlocutory appeal. Defendants pray that the Court not consider or conduct any hearing on the Motion to Supplement and Modify. Defendants pray for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

The Weichert Law Firm
3821 Juniper Trace, Suite 106
Austin, Texas 78738
(512) 263-2666
(512) 263-2698 - Facsimile


By:          /s/ Darryl W. Pruett
             Darryl W. Pruett
             Texas State Bar No. 00784795
             darryl@weichertlaw.com

             George V. Basham, III
             Texas State Bar No. 01868000
             george@weichertlaw.com

             Glenn K. Weichert
             State Bar No. 21076500
             glenn@weichertlaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been sent in accordance with the Texas Rules of Civil Procedure, as noted below, on this 15th day of September, 2016, to:

Matthew R. Beatty
Beatty Bangle Strama PC
400 West 15th Street, Suite 1450
Austin, Texas 78701
Telephone: (512) 879-5050
Telecopier: (512) 879-5040

☐ *Hand Delivery in Person or by Agent* ☐ *Courier Receipted Delivery* ☐ *Telephonic Document Transfer* ☐ *Electronic Filing and Service* ☐ *Certified Mail, Return Receipt Requested No.* _____

/s/ Darryl W. Pruett_____
Darryl W. Pruett



Darryl Pruett <darryl@weichertlaw.com>

## RE: {EXTERNAL} Tejas Promotions v. Craig et al.; Cause No. D-1-GN-16-001959
1 message

**Michelle Roche** <Michelle.Roche@traviscountytx.gov>                    Thu, Sep 15, 2016 at 10:34 AM
To: Darryl Pruett <darryl@weichertlaw.com>
Cc: "Matthew R. Beatty" <mbeatty@bbsfirm.com>

Mr. Beatty and Mr. Pruett,

Judge Hurley asked me to let you know that she is going forward with the hearing tomorrow at 11:00 absent a ruling from the Third Court of Appeals saying that she should not do so. She also asked me to let you know that Mr. Beatty can present his attorney's fees evidence by way of affidavit and Mr. Pruett will be given an opportunity to cross examine.

Thank you.

Michelle Roche

Staff Attorney for the Honorable Rhonda Hurley

98th District Court

Heman Marion Sweatt

Travis County Courthouse

1000 Guadalupe St., Room 327

Austin, Texas 78701

Phone: (512) 854-7839

Facsimile: (512) 854- 9338

**From:** Darryl Pruett [mailto:darryl@weichertlaw.com]
**Sent:** Thursday, September 15, 2016 10:07 AM
**To:** Michelle Roche
**Cc:** Matthew R. Beatty
**Subject:** {EXTERNAL} Tejas Promotions v. Craig et al.; Cause No. D-1-GN-16-001959

Ms. Roche:

We have sent for electronic filing this morning the attached objection to the trial court considering the Motion to Supplement and Modify.

Darryl W. Pruett

The Weichert Law Firm

3821 Juniper Trace, Suite 106

Austin, Texas 78738
(512) 263-2666

(512) 263-2698 - Facsimile